Our fourth argument of the day comes in appeal 24-21-23, Frankie Nelson v. Cook County, Illinois. Mr. DePasquale, good morning, whenever you're ready. Good morning, your honors, and may it please the court. My name is Joseph DePasquale. I represent the appellant Frankie Nelson. The district court's ruling granting defendants motion for summary judgment should be reversed and the case should be remanded for two reasons. First, McDonnell-Douglas burden-shifting framework was rigidly applied here at the expense of the holistic analysis called for under Ortiz. And second, a fact finder could reasonably conclude that sex motivated the adverse treatment and that plaintiff did double the work as her male counterpart but did not receive the pay or the recognition. As to the first point, McDonnell-Douglas is a framework for analyzing circumstantial evidence in an employment discrimination case. First step being plaintiff shows a permafacial case, that she's a member of a protected class, that she performed to expectations, she suffered an adverse employment action, and similarly situated individuals outside of the protected class were treated more favorably. The plaintiff puts that forward, the employer then burden shifts the employer to provide a legitimate non-discriminatory reason for the adverse action. And finally, if that's shown, the employee has to show that those reasons are pretextual. They're not worthy of being believed. Is the only claim before us, Mr. DePasquale, it's the Title VII claim, right? Yes, sir. The Equal Pay Act claim is not before us. That was dismissed earlier in the case and that is not before this court. Okay, here, help me out on this. This is what I've had trouble with on the Title VII claim. It seems that what your client is saying is that she wanted to get paid as if she was a director, correct? Yes. At the pay rate of the director. In parts. She would have liked to have done the work and received the pay. I know she wanted the title of director, but this is about compensatory damages at this point, and so she wanted to get paid as a director. But in the work that she did do, she received overtime pay because she was working a lot. And when you add up her total compensation, she actually made more than she would have received was she the director. So I'm not sure I know what is the monetary recovery that she's seeking on appeal. The difference of what she should have been paid for, the work that she performed. Hold on, hold on. She's not claiming, is she, that she worked overtime and was not paid? Correct. Or that she worked hours and wasn't paid or something like that? Correct. Right, it's a differential claim. She's saying I wanted to be paid at the rate of the director, but she would have made less, not more. And factually, she was performing two jobs and only receiving one paycheck. That, I think, is the distinction that perhaps needs more clarification. She was doing work as building services supervisor, which involved managing the housekeeping staff, directing the housekeeping staff, and was sharing the duties of director of environmental services with Henry White. She was handling mainly the operations portion of it, while White was handling the administration portion of it. But she was doing those duties in addition to her building services supervisor duties, which included getting the hospital ready for the joint commission, cleaning, stripping floors. I mean, she was not only directing the housekeeping staff, she was on the ground with them, making sure that everything was up to code, up to status. Right, I get that theory. So what you're basically saying is, look, she was pulled in a lot of different directions. She was doing a ton of work. She was basically doing a second job, right? Yes. But for all of the time that she was there, she was paid for that. Yes. The distinction here, again, being Mr. White, he was being paid overtime for extra work that he wasn't doing. He was doing just the administrative work with regards to director of environmental services. He was not performing any of the building services supervisor duties that come with the title. So all those duties fell on Ms. Nelson, whereas he was doing basically his office job, regular hours and getting paid overtime.  So Ortiz, so whereas McDonnell Douglas provides a framework for analyzing these things, Ortiz represents a broader principle that the question is whether a reasonable fact finder could conclude that the plaintiff would have been treated better if she had a different sex based on the totality of the evidence as a whole. So rather than the strict first plaintiff prima facie case, then employer, legitimate non-discriminatory reason, and then back to plaintiff for pretext, this kind of brings it back to first principles, basic principles. It is on the plaintiff to show that a protected characteristic was the basis for the adverse action that she suffered. Here the district court looked at the evidence exclusively through a McDonnell Douglas lens, which distorted the view of the totality of the evidence, which again relates to her actual duties performed and pay earned versus actual duties performed by Henry White and what he received for pay. What's the best evidence you have, though, that even assuming what you're talking about is right, what's the best evidence you have that any pay differential was based upon her gender? Mr. White was male, not a part of the protected class. The other individuals who held the position of director of environmental services, again, were male. I believe it was Brown, I apologize, I forget the last name of the other individual. So all of these males were permitted to either get the title and the pay, or they were permitted to use the title, do the work, and ignore their other responsibilities as building services supervisor in the case of Mr. White. I have reserved three minutes for rebuttal. That's fine. Unless your honors have additional questions, I'll reserve. Okay, very well. Thank you. You're welcome. Mr. Yoon, good morning. May it please the court, Assistant State's Attorney William Young, on behalf of Defendant Eppley Cook County. This court should affirm summary judgment for two reasons. First, no reasonable jury could find it in favor of the plaintiff because plaintiff cannot identify a similarly situated comparator. And secondly, as this court just noted, plaintiff was simply paid more than her alleged comparators. Before going to my two points, I think it's important to address plaintiff's position. He states that under Ortiz that there is no similarly situated comparator necessary. And while that may be true in a different fact pattern, as appellant just stated, his best evidence was the pay itself. Under that fact pattern, where it's only pay, the only evidence that's offered to the court is the pay. As this court held in Palmer v. Indiana University, when pursuing an unequal pay claim, the plaintiff must show that the protected grounds cause the disparity in compensation. And in applying Ortiz, this court stated, but an unequal pay claim begs for some comparator evidence. Unequal to what? And there, plaintiff's argument hits a glitch, again quoting Palmer. Well, plaintiff's case here hits the same glitch. Unequal to what? There are no similarly situated comparators. As this court held in Weaver v. Champion Pet Food, it is well settled that speculation may not be used to manufacture a genuine issue of material fact. Saying so at summary judgment does not make it so. That's Patel v. DeJoy. I'm happy to talk about all of the alleged comparators individually, but there are some universal truths. First of all, plaintiff in the record, record 85, plaintiff never supervised any of the alleged comparators. That's to say, plaintiff does not know what they did on a day-to-day basis. Plaintiff does not know the qualifications of Director Gordon, the qualifications of Director Jerry Brown, or the qualifications of Henry White. Plaintiff does not know the qualifications or the duties of the DES position itself. Most importantly, plaintiff never alleged she performed all the duties of a Director of Environmental Services. If the court has no individual questions about any of the alleged comparators, then we just point out that I would like to respond to plaintiff's argument that she did two different jobs. During the Joint Commission, she was stripping floors, waxing floors, high-dusting, low-dusting. And while there's great dignity in that work, that work follows the job description that was offered in the record of a building service supervisor, which has a high school diploma requirement, which is what she attained. The job description of a building service supervisor includes direct supervising housekeeping staff, planning work schedules, observe that instruction safety rules are followed. Whereas a Director position has a university degree requirement and encompasses administrative duties, such as consulting with Labor Relations Council to effectuate and enforce applicable CBA, collective bargaining agreements, proficiently navigate the county health record system, develop working relationships with external vendors and consultants, ensures compliance with all contractual obligations. Plaintiff points to Henry White, who is not a similar-situated comparator, because he has a university degree, a master's degree, and a associate's degree, before he became a building service supervisor. He also sat in her interview when she came on board to Providence Hospital. He observed her work and performed a performance evaluation for her. And, quite frankly, between 2002 and 2005, which is the alleged period of time, Henry White was paid less. He was paid less than the plaintiff. It is uncontested that the plaintiff in 2004 received a promotion, an increase in pay, at an hourly rate. She was still eligible for overtime pay, which she received. And Director of Environmental Services position is a salaried, non-union position. If there are no further questions, I will just briefly conclude. For the foregoing reasons, Defendant Ali Cook County asks this Court to affirm the lower court's decision granting some adjudications. Okay. Mr. Young, very well. Mr. DePasquale? Thank you, Your Honors. To address my colleague's couple of points, first, the issue is not only the pay. The issue here is that White and the plaintiff split the duties of Director of Environmental Services, but White did not perform building service supervisor duties while those fell entirely on plaintiff. While they may have been paid... While, you know, Ms. Nelson was paid overtime for the work that she performed, in the sense that she was getting hours beyond the 40 hours per week, White was receiving that as well, but without doing the same duties, without doing his duties as building service supervisor, which was the title he actually held during that time. Another point brought up by Emily is that Ms. Nelson didn't have the requisites, college degree that White and the other building service supervisors possessed. However, there's nothing in the record to show that this was a consideration for the county at Providence Hospital in any way. In fact, they had assigned her to do these duties, even though she didn't have a degree or formal education that may have been necessary for someone formally holding the position. She was acting director or assistant director of environmental services along with White, and they had never made an issue of her education level. So unless your honors have additional questions, I thank you for your time. You're quite welcome. Thanks to you, Mr. DePasquale, Mr. Young, and your colleague. Thanks. We'll take the appeal under advisement.